**ORDERED.**

Ronald M. Horwitz, #005655
Janessa E. Koenig, #018618
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Wells Fargo Bank, N.A.

Dated: July 19, 2010



_____
**EILEEN W. HOLLOWELL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CAMMRON PANCOST and EMILY PANCOST,<br><br>Debtors.<br><br>WELLS FARGO BANK, N.A.,<br><br>vs<br><br>CAMMRON PANCOST and EMILY PANCOST and DIANNE KERNS, Trustee.<br><br>Respondents. | Chapter 13<br><br>Case No. 4:10-bk-18886-EWH<br><br>**ORDER REGARDING AVOIDANCE OF JUNIOR LIEN HELD BY WELLS FARGO BANK, N.A.** |

Pursuant to the Stipulation Regarding Avoidance of Junior Lien Held by Wells Fargo Bank, N.A. entered into by and between Cammron Pancost and Emily Pancost (hereinafter referred to as "Debtors"), and Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), and good cause appearing therefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Debtor Cammron D. Pancost is the maker of a Home Equity Account Agreement and Disclosure Statement dated January 3, 2008, under which the Debtors received a line of credit from Wells Fargo in the principal amount of $51,000.000 ("the Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of Wells Fargo dated January 3, 2008, and recorded on February 7, 2008 with the Pima County Recorder's Office at Sequence No. 20080263047, Docket No. 13238, Page

9999-999/JEK/JEK/814548_v1

1264, encumbering the real property located 3540 N. Via San Juanito, Tucson, Arizona 85749 (the "Subject Property"). The Subject Property is legally described as follows:

> Lot 33, San Domingo, According to Book 31 of Maps, Page 67, Records of Pima County, Arizona.

The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

2. Wells Fargo's claim secured by the Second Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtors' Chapter 13 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:

    A. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the confirmation of the Debtors' Chapter 13 plan;

    B. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' full performance and completion of their Chapter 13 plan; and

    C. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtors' receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, Wells Fargo shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of trust against the Subject Property with the Pima County Recorder's Office;

4. Wells Fargo shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and Wells Fargo's lien shall not be avoided, and Wells Fargo's claim shall be treated as a secured claim, in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code;

5. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Wells Fargo's Second Deed of Trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13

9999-999/JEK/JEK/814548_v1

discharge, Wells Fargo's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale; and

6. The terms of this Order shall be incorporated by reference in an Order confirming the Debtor's Chapter 13 Plan.

DATED this _____ day of _____, 2010.


_____
Honorable Eileen W. Hollowell

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000